Mario Pittoni, J.
Petitioner’s motion for an order directing respondent Sheriff to accept and serve an income execution upon the employer designated in the income execution is denied.
On March 19, 1962, petitioner obtained a judgment against Odell and Makie Bigby in the Municipal Court of the City of New York (now the Civil Court of the City of New York). An income execution on the judgment was delivered to the Marshal of the City of New York on February 5,1965. At the time of the delivery, the judgment debtors lived in New York City, but were employed by an employer which had its place of business in Suffolk County. On February 25,1965, the Marshal returned the income execution unsatisfied.
Thereafter, on March 4,1965, a transcript of the judgment was issued out of the Civil Court and filed in the office of the Clerk of New York County. On the same day, an income execution was sent to respondent, the Sheriff of Suffolk County, along with the unsatisfied return of the income execution of one of the Marshals of the City of New York .
CPLR 5231 (subd. [b]) provides that “an income execution ® * * may be issued and delivered to the sheriff of the county in which the judgment debtor resides or, where the judgment debtor is a non-resident, the county in which he is employed.” *932 “ Nonresident ”, as used in this subdivision means nonresident of the State. (See 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5231.17.)
CPLB 5231 (subd. [c]) requires the Sheriff to serve a copy of the execution upon the debtors within 20 days of its delivery to the Sheriff. As stated in Weinstein-Korn-Miller (N. Y. Civ. Prac., Vol. 6, par. 5231.16): “ This provision is new and is designed to give the judgment debtor an opportunity to satisfy the judgment before the judgment creditor may reach the income at its source.” CPLB 5231 (subd. [d]) contemplates a good faith effort on the part of the Sheriff to locate and serve the judgment debtor and presupposes that the execution was delivered to the appropriate county; the judgment debtor should not be deprived of the opportunity to pay the judgment himself by the judgment creditor’s issuing the execution to a county in which he knows the judgment debtor cannot be served. (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5231.18.)
In this case, therefore, petitioner should have delivered the income execution to the Sheriff of New York, the county in which the debtors reside. The Sheriff of New York County would then serve the debtors. Upon their default in making payments, the income execution would be transferred to the Sheriff of the county of employment, in this case the respondent Sheriff, for service upon the debtors’ employer.
CPLB 5230, 5231 do not limit issuance of an execution to the courts stated therein. Prior to the issuance of a lower court transcript, enforcement by execution is carried out by the lower court’s enforcement officers and is governed by the lower court’s practice act. (See CCA, § 701.) However, once the transcript has been issued and filed the lower court is, thereafter, deprived of jurisdiction with respect to an income execution. Section 702 of the New York City Civil Court Act provides as follows: ‘ ‘ where a transcript of a money judgment has been filed with the county clerk, an execution shall thereafter issue only to a sheriff, as if the judgment on which execution is sought were rendered by the supreme court.” (Emphasis supplied.)
In this case, once the transcript had been filed with the Clerk of New York County, the lower court (i.e.) New York City Civil Court, was, thereafter, deprived of jurisdiction with reference to an income execution. Insofar as the delivery of the income execution to a Marshal of the City of New York is concerned, that was a nullity. At the time of its delivery, the employer’s place of business was located in Suffolk County, which is outside the City of New York and beyond the authority of a city marshal. (N. Y. City Civ. Ct. Act, § 702; see, also, Commentary on Bevi *933 sion by Prof. David D. Siegel, McKinney’s Cons. Laws, of N. Y., Book 29A, N. Y. City Civil Ct. Act, following § 702.)
This motion, therefore, to direct the respondent Sheriff to accept and serve an income execution upon the employer designated therein, must be denied.