Joseph F. Gagliardi, J.
Plaintiff makes this “ motion ” for an order directing the Sheriff of Westchester County to serve an income execution upon the employer of the defendant. The papers reflect personal service of the notice of motion on the Sheriff, whose representative has submitted papers succinctly stating the reason for the Sheriff’s refusal to serve the execution. However, the matter bears the caption of the original action against the judgment debtor and neither party sets forth any authority for such a motion being addressed to the Sheriff in the action. It is patent that this relief to compel the Sheriff to serve an execution should be sought in a special proceeding under article 78 of the CPLR (see CPLR 7803, subd. 1). But in view of the parties’ willingness to litigate the matter in this form and since the notice of motion was served personally within the requirements of CPLR 403, the court exercises its discretion under CPLR 103, subd. (c) to require the caption of the matter to be corrected, to require purchase of a new index number and to pass upon the merits.
Plaintiff has obtained a judgment against defendant in the sum of $413.63 in Civil Court of the City of New York, County of New York, and is proceeding to obtain an income execution to enforce the judgment.
CPLR 5231 states the following with respect to income executions: “ (b) Issuance. Where a judgment debtor is receiving or will receive more than thirty dollars per week from any person, an income execution for installments therefrom of not more than ten percent thereof may be issued and delivered to the sheriff of the county in which the judgment debtor resides or, where the judgment debtor is a non-resident, the county in which he is employed, (c) Service upon debtor. Within twenty days after an income execution is delivered to the sheriff, the sheriff shall serve a copy of it upon the judgment debtor, in the same manner as a summons, (d) Levy upon default or failure to serve debtor. If a judgment debtor fails to pay installments pursuant to an income execution served upon him for a period of twenty days, or if the sheriff is unable to seive an income execution upon the judgment debtor within twenty days after the execution is delivered to the sheriff, the sheriff shall levy upon the money that the judgment debtor is receiving or will receive by serving a copy of the income execution, indorsed to indicate the extent to which paid installments have satisfied the judgment, upon the person from whom the judgment debtor is receiving or will receive money personally within the county in the same manner as a summons, except that such service shall not be made by delivery to a person authorized *1100 to receive service of summons solely by a designation filed pursuant to a provision of law other than rule 318.” Hence, one of two events must take place before the Sheriff can serve an income execution on the employer of a judgment debtor. Either u the sheriff ” shall have previously served the judgment debtor himself with the income execution or 1 ‘ the sheriff is unable to serve an income execution upon the judgment debtor.” But the original income execution in this case was filed with a City Marshal and not the Sheriff of the City of New York. It is the City Marshal and not the Sheriff who claims inability to serve the defendant with the income execution at his residence in New York City. The Sheriff notes that CPLR 5231, as above-cited, does not expressly include City Marshals. Hence, he takes the position that inability by such a marshal to serve an income execution on the judgment debtor furnishes no foundation for service by the Sheriff of an income execution on the employer of the judgment debtor. Nevertheless, section 1609 of the New York City Civil Court Act reads as follows: 11 § 1609. General powers, duties and liabilities of marshals. The authority of a marshal extends throughout the city of New York and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshals. Every marshal shall keep a record of his official acts in such manner as shall be prescribed by the appellate division. Such records shall show, in addition to the official acts of the marshal, all fees and sums received by the marshal therefor, the expenses of the marshal in connection with the performance of his official duties and his gross and net income as such marshal. The records of every marshal shall be open to inspection by the appellate division and such officers or employees of the court, or other persons, agencies or officials, as may be designated by the appellate division.” Surely then, the action of the Marshal in attempting to serve the judgment debtor in New York City must be deemed the action of a “ sheriff ’ ’ within the meaning of CPLR 5231. Therefore, the Sheriff of Westchester County is authorized to act upon the return of the City Marshal. Accordingly, the petition is granted and the Sheriff is directed to serve the income execution on the employer of the judgment debtor. However, the judgment shall amend the caption of this proceeding to the proper form for a mandamus proceeding and a new index number shall be purchased.