Louis Gr. Bruhn, J.
This is an article 78 CPLR proceeding in the nature of mandamus seeking a judgment directing the respondent, Comptroller of the State of New York, to accept, file and honor an income execution issuing out of the Civil Court of the City of New York, County of Richmond.
Briefly, it appears that on or about December 19, 1967 the petitioner recovered a money judgment in .such court in the amount of $217.57 against one Lizzie Dexter who was and is employed by the New. York State Department of Mental Hygiene.
Thereafter the petitioner’s attorney caused an income execution upon her earnings to be issued to Jack A. Gris onda, a Marshal of the City of New York.
*1005 On or prior to February 8, 1968 such Marshal served such income execution upon the Comptroller pursuant to CPLR 5231 but the Comptroller has refused to accept or honor such income execution.
CPLR 5231 (subd. [f]) so far as material, provides: “ a levy upon money payable directly upon the state comptroller’s warrant, or directly by a state board, commission, body or agency which is not within any department of the state, shall be made by serving the income execution upon the state department of audit and control at its office in Albany. Service at the office of a department of the state in Albany may be made by the sheriff of any county by registered or certified mail, return receipt requested.” (Italics -supplied.)
At the outset and to be able more intelligently to understand the problem involved it should be noted that ‘ ‘ The last .sentence of subdivision (f) makes it clear that it is not necessary for an execution against a State employee to be delivered to the Albany sheriff; it may be forwarded directly to the appropriate office by the sheriff to whom it issued.” (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 5231.26; italics supplied.)
Since -such provision was added to make it clear that it was not necessary to have the Albany Sheriff serve this type of execution the respondent’s argument that it must be served in Albany has little merit.
Of course, the question is not where this process must be served, since -service can originate with the Sheriff -of any county in the State and be made by him by registered or certified mail, but, the question is whether or not a City Marshal of the City of New York can make the service by mail in the -same manner as could a Sheriff of such city.
The respondent says the Marshal has no such authority, and for this position relies on subdivision (a) of section 701 of the New York City Civil Court Act which provides: “ (a) In an action or proceeding brought in the court, all processes and mandates may be served or executed only within the city of New York unless this act otherwise provides. They shall be served or executed by the sheriff of the city of New York or by a city marshal. Where this act empowers the court’s process or mandate to be served or executed without the city of New York, it shall be served or executed by such officer as could -serve or execute the process or mandate of the supreme court of the county in a like instance.” (Italics supplied.)
To complete the argument suggested by the italicized portion the -respondent argues that process is good outside the City of *1006 New York only when the City Court Act so provides and that nowhere in the act is there any such provision.
This argument overlooks other provisions of the act and places an interpretation on subdivision (a) which is far too constricted.
Such limited interpretation overlooks the fact that processes and mandates of the court not only may be served but may also be ‘1 executed ’ ’ within the city and ‘ ‘ executed ’ ’ not only by the Sheriff but by a City Marshal as well.
Such limited interpretation also overlooks the fact that the last sentence of .subdivision (a) anticipates process or mandate of the court to be served outside the city and to be served by such .officer who could .serve Supreme Court process in the same manner.
Such limited interpretation further overlooks subdivision (b) of section 701 which provides: “ The provisions of law applicable in supreme court practice, relating to the execution of mandates by a sheriff and the power and control of the court over the sheriff executing the same, shall apply in this court; and they shall apply equally to both sheriffs and marshals.” (Italics supplied.)
Such limited interpretation likewise overlooks section 1609 of the New York City Civil Court Act which provides, in part: ‘ ‘ The authority of a marshal extends throughout the city of New York and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases * * *, shall apply to marshals.” (Italics supplied.)
Certainly logic would suggest that if all the provisions of law relating to powers of Sheriffs in like cases apply to Marshals and if the Sheriff of the City of New York can serve income executions by mail from within the city then a Marshal should likewise have the same power and the Legislature must have so intended.
' Certainly it would seem that the permissive use of registered or certified mail granted by the Legislature for such service would be tantamount to an extension of the arm of the officer authorized to utilize it whether he be Sheriff or Marshal.
If such form of service is utilized neither a Sheriff nor Marshal need do anything more or less than the other within the City of New York to “ execute ” suqh type of process.
Research reveals but two cases which struggled with the problem in a related fashion.
In the case of Matter of Schleimer v. Gross (46 Misc 2d 931) the court, at first blush, would appear to be in disagreement with the conclusion reached here.
*1007 However, on closer examination, we find that a transcript of the Civil Court judgment had been filed and such filing introduced section 702 of the New York City Civil Court Act into consideration by the court. That section provided: “ The authority of a marshal shall extend throughout the city of New York. But where a transcript of a money judgment has been filed with the county clerk, an execution shall thereafter issue only to a sheriff, as if the judgment on which execution is sought were rendered by the supreme court.” (Italics supplied.)
Curiously, the court in the Schleimer case (supra, p. 932) had this to say:
1‘ Prior to the issuance of a lower court transcript, enforcement by execution is carried out by the lower court’s enforcement officers and is governed by the lower court’s practice act. (See CCA, § 701.) However, once the transcript has been issued and filed the lower court is, thereafter, deprived of jurisdiction with respect to an income execution.* * *
‘ ‘ In this case, once the transcript had been filed with the Clerk of New York County, the lowej court (i.e.) New York City Civil Court, was, thereafter deprived of jurisdiction with reference to an income execution.” (Italics supplied.)
In view of such language it would appear that the determination thereof was predicated primarily on the second sentence of section 702.
If that be so the case as authority is now sterile since by section 8 of chapter 523 of the Laws of 1965, effective September 1, 1965 said sentence was omitted from section 1501 and consequently is no longer applicable to section 702.
The second case is Republic Associates v. McRae (46 Misc 2d 1098) which involved CPLR 5231 (subds. [c], [d]).
In spite of the fact that City Marshals are nowhere specifically mentioned in either of those subdivisions or in the entire section for that matter the court concluded (p. 1100), in the light of section 1609 of the New York City Civil Court Act, that “ the action of the Marshal in attempting to serve the judgment debtor in New York City must be deemed the action of a ‘ sheriff ’ within the meaning of CPLR 5231.”
Under those circumstances it can hardly be said that the Legislature intended that service under 5231 should be restricted to Sheriffs alone.
If a Marshal can make the service prescribed by CPLR 5231 (subds. [c], [d]) even though no mention is made of them at all in those subdivisions there seems little reason why in logic or in fairness to judgment debtors a Marshal should not be able to execute an income execution by mailing it to the appropriate *1008 department in Albany without incurring further expense for a debtor by delivery of the same to a Sheriff.
Therefore, in view of the foregoing, the application is granted and judgment may issue directing .the respondent Comptroller to accept, file and honor the income execution in question in such manner as is prescribed by law.